## RIECK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7483.

Circuit Court of Appeals, Third Circuit.

Feb. 7, 1941.

As Amended on Denial of Rehearing April 2, 1941.

William Wallace Booth, of Pittsburgh, Pa. (W. A. Seifert, Bert H. Smyers, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., on the brief), for petitioner.

Wm. L. Cary, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Norman D. Keller, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before CLARK, JONES, and GOODRICH, Circuit Judges.

CLARK, Circuit Judge.

For the third[1] time in two years, we are urged to distinguish away a decision of the Supreme Court of the United States. We make no criticism of that. The principle of stare decisis[2] clearly does not go to the length of preclusion from persuasion. It may be, nevertheless, a rule of sufficient vitality to cause avoidance of directness. The cases indicate a tendency toward limitation to the "particular facts" rather than an express overruling.[3] This emphasis on "particular facts" undoubtedly encourages, however, a frantic search for differences of detail.

The principal case is an illustration. It involves the income taxation (or non) of the premium payments for the standard form of funded life insurance trust.[4] The specific formal tax exaction[5] was first introduced into the revenue law in 1924.[6] Its opponents assailed it on the ground that it was unconstitutional. But, in the leading case of Burnet v. Wells[7] a five to four decision of the Supreme Court struck down the taxpayer's contention. The pros and cons of the disagreeing justices have been almost too freely aired.[8] They boil down

[1] The other cases are: Rothensies v. Cassell, 3 Cir., 103 F.2d 834, reversed in Helvering v. Hallock, 309 U.S. 106, 107, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368; cf. The New Yorker, December 14, 1940, p. 36; Taxation—Inheritance Taxes—Property Subject to Taxes. Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, 20 Boston University Law Review 387 (note); Taxation—Federal Estate Tax—Transfers in Which Decedent Had Reserved a Contingent Reversionary Interest—St. Louis Union Trust Cases Overruled, 38 Michigan Law Review 1350 (note); Inter Vivos Transfers and the Federal Estate Tax, 49 Yale Law Journal 1118 (note); Union Trust Co. v. Commissioner, 3 Cir., 115 F.2d 86, rehearing denied November 7, 1940.

[2] Von Moschzisker, Stare Decisis in Courts of Last Resort, 37 Harvard Law Review 409; Boudin, The Problem of Stare Decisis In Our Constitutional Theory, 8 New York University Law Quarterly Review 589; Sachs, Stare Decisis and the Legal Tender Cases, 20 Virginia Law Review 856; Constitutional Law—Stare Decisis, 31 Michigan Law Review 121 (note); Laun, Stare Decisis, 25 Virginia Law Review 12; Grinnell, Judicial Regulation of Stare Decisis—An Opportunity for the Courts and the American Law Institute, 24 Journal of the American Judicature Society 150; cf. cases collected in Rothensies v. Cassell, 3 Cir., 103 F.2d 834, 837.

[3] Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368; Nashville, C. & St. L. Ry. v. Browning, 310 U.S. 362, 60 S.Ct. 968, 84 L.Ed. 1254; Osborn v. Ozlin, 310 U.S. 53, 60 S.Ct. 758, 84 L.Ed. 1074. Cf. United States v. F. W. Darby Lumber Co. et al., 61 S.Ct. 451, 85 L.Ed. ——.

[4] Remsen, The Preparation of Wills and Trusts (2nd Ed.) c. 25; Scully, Insurance Trusts; Shattuck, The Living Insurance Trust; Phillips, Life Insurance Trusts: A Recapitulation for the Draftsman, 81 University of Pennsylvania Law Review 284.

[5] Trust Income: Taxability Under the Internal Revenue Act, 34 Illinois Law Review 90, 92, n. 21 (note).

[6] 26 U.S.C.A. § 960 (note). In discussing this provision the Report of the Ways and Means Committee said: "Trusts have been used to evade taxes by means of provisions allowing the distribution of income to the settlor or its use for his benefit. The purpose of this subdivision of the bill is to stop this evasion." H. Rept. 179, 68th Cong., 1st Sess. p. 21.

[7] 289 U.S. 670, 53 S.Ct. 761, 77 L.Ed. 1439, reversing, 8 Cir., 63 F.2d 425, reversing 19 B.T.A. 1213, sub nom. Frederick B. Wells.

[8] Magill, Taxable Income, p. 238; Morrison, Some Recent Decisions on the Law of Taxation, 22 California Law Review 277, 302; Altman, New Trends in Taxing Trust Benefits, 14 Tax Mag. 199; Surrey, Assignments of Income and Related Devices: Choice of the Taxable Person, 33 Columbia Law Review 791, 823; Trust Income: Taxability Under the Internal Revenue Act, 34 Illinois Law Review 90 (note); Taxation to Settlor of Income from Irrevocable Trusts Used to Pay Life Insurance Premiums, 47 Harvard Law Review 137 (note); Federal Taxation of Personal Life Insurance Trusts, 44 Yale Law Journal 1409, 1410–1415 (com-

to a difference, or should we say distinction, in conception. The majority recognize here, as elsewhere in the law,[9] the "love and affection" that underlies and influences human conduct. So the "flow of satisfactions" arising from the discharge of a "moral obligation" to support one's family is enough to avoid the stigma "arbitrary". The minority, on the other hand, find reasonableness only in the more material considerations of title.

In his earnest search for that different particular, petitioner has relied upon a phrase in the majority opinion rather than upon the record. It reads: "if he was to preserve a contract right".[10] In it one detects, perhaps, a concession to the bare bones of title in contrast to the living flesh of altruism. The commentators on, and more especially the critics of, Burnet v. Wells, appraise it as at most a suggestion and not as gravamen.[11] At any rate, the phrase does not even assume to state the facts. These facts appear quite clearly from the opinions of the Board of Tax Appeals and of the Circuit Court of Appeals for the Eighth Circuit. They are identical with those at bar and show that in the Wells case, as in this, the life insurance policies were simultaneously transferred. That being so, there is no more to be said.

Under this view, we need not consider the interesting question of res judicata by reason of the Board's decision with respect to the 1932 tax.[12] Nor need we spend any time on the one minor factual difference between this and the controlling Supreme Court case. Here, the beneficiaries advanced to the trustees monies sufficient to pay the premiums when due. They were reimbursed as soon as receipt of the trust income permitted it. To ascribe any legal effect to this arrangement of convenience would bring about its universal adoption and so abrogate the entire rule.

The decision of the Board of Tax Appeals is affirmed.

ment); Developments in the Law—Taxation, 47 Harvard Law Review 1209, 1277–1278; Wells v. Burnet and Constructive Receipt of Income, 22 Iowa Law Review 390 (note); Income from Irrevocable Funded Insurance Trusts—Constitutionality of Statute, 32 Michigan Law Review 123 (note); Taxation of Insurance Trusts, 8 St. Johns Law Review 171 (comment); Constitutional Law—Taxation—Taxing to Settlor of an Irrevocable Funded Life Insurance Income of Trust Used for Premiums on Settlor's Life, 20 Virginia Law Review 104 (note); Koven, Constitutionality of Federal Tax on Settlor of Insurance Trust, 28 Illinois Law Review 704; Taxation to Settlor of Irrevocable Life Insurance Trust of Income Used to Pay Premiums on Policies, 22 California Law Review 355 (note); Meer, Trust Income Taxable to the Settlor, 18 Texas Law Review 478, 485–486.

9 17 C.J.S., Contracts, § 90 Dainow, Limitations on Testamentary Freedom in England, 25 Cornell Law Quarterly 337.

10 Burnet v. Wells, 289 U.S. 670, 682, 53 S.Ct. 761, 765, 77 L.Ed. 1439.

11 Magill, Taxable Income, p. 240; Altman, New Trends in Taxing Trust Benefits, 14 Tax Mag. 199, 202; Trust Income: Taxability Under the Internal Revenue Act, 34 Illinois Law Review 90, 92, n. 21 (note).

12 General discussions are contained in Griswold, Res Judicata in Federal Tax Cases, 46 Yale Law Journal 1320; Res Judicata in Tax Litigation, 46 Harvard Law Review 692 (note).